IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE MABRY,**

      **Petitioner,**

   **v.**                        **CIVIL ACTION NO. 1:07cv171**
                                       **(Judge Keeley)**

**WAYNE A. PHILLIPS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 13, 2007, the *pro se* petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.C. § 2241, and on January 28, 2008, he paid the $5.00 filing fee. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 83.09.

### I. PETITION

In his petition, the plaintiff sets forth facts relating to an injury to his wrist on October 6, 2004, while incarcerated at FPC Seymour Johnson. Petitioner asserts that the injury was originally diagnosed as a sprain. However, after several weeks, an x-ray was taken that revealed that his wrist was actually broken. Petitioner remained at FPC Seymour Johnson until February of 2006, when he was transferred to FCI Morgantown. The petitioner contends that the failure of staff at both FCP Seymour Johnson and FCI Morgantown, he has experienced severe paid as well as loss of the regular movement of his wrist and is actually disabled because of his inability to bend or extend his wrist in a normal fashion. The petitioner contends that the medical mistreatment he outlines

amounts to a violation of his Eighth Amendment rights. As relief, the petitioner seeks an order directing the Bureau of Prisons to treat his broken wrist and increasing pain with such treatment to include physical therapy.

## II. ANALYSIS

The petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by 28 U.S.C. § 1331 and pay the $350.00 filing fee.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be DENIED without prejudice to the petitioner's right to file a Bivens[1] action under 28 U.S.C. § 1331.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

---

[1] Because the petitioner is a federal inmate and the individuals he identifies in his petitioner are federal employees, he must file a complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities.

2

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: January 31, 2008

          /s/ James E. Seibert
          JAMES E. SEIBERT
          UNITED STATES MAGISTRATE JUDGE