IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE MABRY,**

    **Petitioner,**

**v.**                                            **CIVIL ACTION NO. 1:07CV171**
                                                                   **(Judge Keeley)**

**WAYNE A. PHILLIPS, Warden,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On December 13, 2007, Lawrence Mabry ("Mabry"), the *pro se* petitioner, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The motion was referred to United States Magistrate Judge James E. Seibert for initial review. On February 1, 2008, the Magistrate Judge entered a Report and Recommendations ("R&R") recommending that this Court **DENY** Mabry's claim **WITHOUT PREJUDICE** because Mabry can only assert an Eighth Amendment claim in an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Mabry filed objections to the R&R on February 14, 2008, asserting that the Magistrate Judge erred in determining that his claims were not claims that can be asserted in a § 2241 motion.

MABRY V. PHILLIPS                                              1:07CV171

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION

This Court reviews any objections to the recommendation in the R&R de novo but may adopt any parts of the R&R not objected to without detailed review. Mabry's failure to object to the recommendation on an issue results in the waiver of his appellate rights on that issue.

## II. ANALYSIS

Pursuant to a de novo review of the case law, the Court finds that the Magistrate Judge properly applied the controlling legal standard from Preiser v. Rodriquez, 411 U.S. 475, 484, (1973). Under the rule from Preiser, federal habeas petitions may be used to challenge the fact or duration of imprisonment but may not be used to challenge the conditions of imprisonment. Id. at 499-500. Challenges to the conditions of imprisonment must proceed by way of action under either § 1983 or Bivens. Id.

Mabry asserts that his rights under the Eighth Amendment were violated when the Bureau of Prisons allegedly failed to properly treat his broken wrist. Mabry's claim is a civil rights claim relating to conditions of imprisonment that cannot be asserted in a § 2241 motion. Mabry would need to file a civil rights complaint in order to assert those claims.

Consequently, this Court **ADOPTS** Magistrate Judge Seibert's Report and Recommendation in its entirety and **DISMISSES** this case

**WITHOUT PREJUDICE**.  The Clerk is ordered to **STRIKE** this case from this Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: February 21, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE